UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEPHEN MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:13-cv-01120-SEB-DKL |
| | ) | |
| LVNV FUNDING LLC, | ) | |
| NELSON WATSON & ASSOCIATES, | ) | |
| LLC, | ) | |
| NORTHLAND GROUP, INC., | ) | |
| RESURGENT CAPITAL SERVICES, LP, | ) | |
| | ) | |
| Defendants. | | |

**ORDER DENYING DEFENDANTS' FIRST MOTION TO DISMISS AS MOOT
AND GRANTING DEFENDANTS' MOTION TO DISMISS THE
AMENDED COMPLAINT WITHOUT PREJUDICE**

Plaintiff filed his original Complaint on July 12, 2013. [Dkt. No. 1.] On October

3, 2013, Defendants filed a motion to dismiss. [Dkt. No. 22.] That motion was fully briefed

on November 19, 2013. [*See* Dkt. No. 42.] On May 2, 2014, Plaintiff sought leave of

Court to amend his complaint [Dkt. No. 53], which was granted on June 3, 2014 [Dkt. No.

54]. Consequently, Defendants' October 3, 2013 Motion to Dismiss the original complaint

at Docket Number 22 is <u>DENIED</u> as moot.

In response to Plaintiff's Amended Complaint, Defendants filed a Motion to

Dismiss on June 23, 2014. [Dkt. No. 59.] Because Defendants' original Motion to Dismiss

was still pending at the time, Defendants incorporated their arguments contained in that

motion and brief. Consequently, the Court will consider the parties' arguments related to

both motions to dismiss in deciding Defendants' Motion to Dismiss the Amended Complaint.

Plaintiff Stephen Morgan complains that Defendants LVNV Funding LLC, Nelson Watson & Associates, LLC, Northland Group, Inc., and Resurgent Capital Services, LP violated the Fair Debt Collection Practices Act ("FDCPA") in three ways. First, Plaintiff alleges that Defendants misrepresented the amount owed as evidenced by the discrepancy in the debt amount contained in two letters, Plaintiff's credit report and the Proof of Claim Defendant Resurgent Capital Services filed on behalf of LVNV Funding in Plaintiff's Chapter 13 bankruptcy action. Second, Plaintiff alleges that Defendants do not legally own the debt they attempted to collect. Third, Plaintiff alleges that after he filed for bankruptcy, Defendant Nelson "contacted the Plaintiff directly via telephone call on July 22, 2013," in violation of the FDCPA. Defendants argue that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and move to dismiss. We <u>GRANT</u> Defendants' Motion and dismiss Plaintiff's Amended Complaint without prejudice.

## I.    Standard of Review.

A motion to dismiss tests the legal sufficiency of the complaint. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> When "[e]valuating the sufficiency of the complaint, we construe it in the light most favorable to the nonmoving party, accept well-[pled] facts as true, and draw all inferences in her favor." "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual

allegation." The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013) (citations omitted).

"As a general matter, we view the confusing nature of a dunning letter as a question of fact, that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion." *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (citations omitted). Although district courts must "tread carefully before holding that a letter is not confusing as a matter of law when ruling on a rule 12(b)(6) motion . . . a plaintiff fails to state a claim and dismissal is appropriate as a matter of law when it is 'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.'" *Id.* (citing *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006); *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004)).

## II.    Plaintiff's FDCPA Amended Complaint Fails To State A Claim Upon Which Relief Can Be Granted.

### A.    Defendants' Dunning Letters, Credit Reporting and Proof of Claim.

Plaintiff alleges that Defendants' communications with Plaintiff in an attempt to collect a debt violated the FDCPA. Specifically, Plaintiff alleges that on August 2, 2012, Defendant Northland sent a settlement letter to Plaintiff claiming the current balance on his HSBC/Hsbc Card Services account was $971.13 and offering to settle for $242.76. [Dkt. No. 57-6.][1] Two and a half months later, on October 23, 2012, Defendant Nelson,

---

[1] Plaintiff alleges in paragraph 31 of his Amended Complaint that the first letter (Exhibit 5-A to the Amended Complaint) was received on August 2, **2013**. The Court believes this date is in error because it is inconsistent with the letter attached to the Amended Complaint, Plaintiff's credit report and the Proof of Claim. [*See* Dkt. Nos. 57-6, 57-8, 57-8, and 57-11.]

Watson & Associates, LLC allegedly sent a dunning letter indicating that the total balance due on the same HSBC account was $979.72 ($468.00 in principal and $511.72 in interest). [Dkt. No. 57-7.]

Plaintiff alleges that his Experian credit report shows varying monthly reports of the balance on the same account beginning in November 2011 at $946 continuing through December 2012 at $985. [Dkt. 57-8.] The monthly incremental increase in the account balance reported on Plaintiff's credit report varies over time. On June 26, 2013, Defendant Resurgent Capital Services submitted a proof of claim alleging that at the time Plaintiff filed for bankruptcy (March 6, 2013 as per Dkt. No. 57 at ¶ 41), LVNV was owed $468.00 on Plaintiff's HSBC account. [Dkt. No. 57-11.] Plaintiff alleges that because Defendant Resurgent Capital Services did not check the box on the Proof of Claim stating "Check this box if the claim includes interest or other charges in addition to the principal amount of the claim" that "no interest is due on this account." [Dkt. No. 57 at ¶ 52; Dkt. No. 57-11.]

The gravamen of Plaintiff's claim is that Defendants violated the FDCPA by stating different amounts were owed by Plaintiff in multiple communications over time. [*See* Dkt. No. 57 at First Claim for Relief: ¶¶ 2-5.] FDCPA claims are evaluated from the perspective of an "unsophisticated consumer or debtor" who is "uniformed, naïve, [and] trusting," but possesses "rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 678 (7th Cir. 2007) (citing *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). Multiple courts have held that "even the most

unsophisticated consumer would understand that credit card debt accrues interest." *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009); *see also, e.g., Leffler v. Miller & Steeno, P.C.*, No. 4:13cv1764 TCM, 2014 WL 1613946 at *3 (E.D. Mo. Apr. 22, 2014); *Ivy v. Nations Recovery Center, Inc.*, No. 2:12-CV-037, 2012 WL 2049387, at *2 (E.D. Tenn. June 6, 2012); *Schaefer v. ARM Receivable Mgmt., Inc.*, Civil Action No. 09-11666-DJC, 2011 WL 2847768, at *5 (D. Mass. July 19, 2011).

Plaintiff argues that "[a]ll of the alleged amounts by the Defendants cannot be correct" and characterizes the debt amount as changing in an "inconsistent manner." [Dkt. No. 63 at 7; Dkt. No. 38 at 7.] We disagree with that description of the facts based on what Plaintiff has alleged in the Amended Complaint and the exhibits attached thereto. The allegations in the Amended Complaint show that Plaintiff's credit card balance increased each month as interest accrued over time. The settlement letter dated August 2, 2012 shows a current balance of $971.13. [Dkt. No. 57-6.] The dunning letter dated October 23, 2012 provides:

> Principal: $468.00
> Interest: $511.72
> Total Balance as of 10/23/12: $979.72

[Dkt. No. 57-7.] The October dunning letter also states: "[a]s of the date of this letter, you owe $979.72. Because of interest, the amount due on the day you pay may be greater." [*Id.*] Plaintiff's credit report shows a debt steadily increasing over time beginning in November 2011 through December 2012. [Dkt. No. 57-8.] Plaintiff as the unsophisticated consumer would understand that credit card debt accrues interest. *See Weiss*, 664 F. Supp. 2d at 217.

Plaintiff alleges that no interest was due on this account at any time based on Defendants' Proof of Claim. [Dkt. No. 57 at ¶ 52.] Plaintiff contends that because Defendants did not check the box on the Proof of Claim to indicate that interest was included in the claim amount, Defendants "represented to the U.S. Bankruptcy Court that interest did not apply to this account." [Dkt. No. 38 at 3 (Plaintiff's response to original Motion to Dismiss).] This is not what the Proof of Claim states. Specifically, the Proof of Claim provides:

**1.   Amount of Claim as of Date Case Filed:**      $468.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

□ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

[Dkt. No. 57-11 (items 4 and 5 were not completed and no check was placed in the box).] The Proof of Claim form states that the amount of the claim ($486.00) does not include interest, not that interest never accrued on the account. Although it remains unclear why Defendants would not include interest in their bankruptcy claim, Plaintiff's allegation that "no interest is due on this account" contradicts the plain language of the Proof of Claim attached as an exhibit to the Amended Complaint. The Proof of Claim takes precedence over Plaintiff's contradictory allegations. *See Phillips v. Prudential Ins. Co. of Am.,* 714 F.3d 1017, 1019 (7th Cir. 2013) (citing *Forrest v. Universal Sav. Bank, F.A.,* 507 F.3d 540, 542 (7th Cir. 2007) ("To the extent that an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence.")).

The purpose of the FDCPA is to "protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). As a result, "to be actionable a misleading statement must have the ability to influence a *consumer's* decision." *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011) (emphasis in the original) (citing *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir. 2009) ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable.")). Here, Plaintiff has not alleged that Defendants' letters, reports to the credit agency or Proof of Claim misled him or influenced his decisions. Plaintiff quotes the Seventh Circuit that when a complaint "alleges that a dunning letter is confusing . . . the plaintiff has stated a recognizable legal claim; no more is necessary to survive a Rule 12(b)(6) motion." [Dkt. No. 63 at 7 (citing *McMillian v. Collection Prof'ls, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006)).][2] Yet, Plaintiff made no such allegation in his Amended Complaint.[3]

---

[2] The court in *McMillian v. Collection Professionals, Inc.* applied a dismissal standard later rejected by the Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). After *Twombly*, "the plaintiff must plead facts that, when taken as true, would give rise to a plausible inference that the letters are confusing in a legal sense." *Young b. G.L.A. Collection Co.*, Cause No. 1:11-cv-489-WTL-MJD, 2011 WL 6016650 at *3, n.4 (S.D. Ind. Dec. 1, 2011). Plaintiff's allegations here do not survive a motion to dismiss pre- or post-*Twombly*.

[3] Plaintiff argues that "Defendants assume that by charging interest they therefore are representing the correct amount, as if it is a complete impossibility that **the amount of interest** charged is incorrect, still leading to a misrepresentation of the amount due." [Dkt. No. 63 at 8 (emphasis in original).] Plaintiff further argues that "Defendants are applying the incorrect amount of interest which constitutes a violation of the FDCPA." [*Id.* at 9.] Plaintiff made no allegation in the Complaint or Amended Complaint that Defendants violated the FDCPA because the interest calculation was inaccurate and thus a violation of the FDCPA. To the contrary, Plaintiff alleges that because Defendants did not seek interest on their Proof of Claim no interest was owed at all; a claim that directly contradicts the exhibits attached to the Amended Complaint. [*See* Dkt. No. 57 at ¶ 52 ("Pursuant to the Proof of Claim . . . no interest is due on this account.").]

The documents attached to Plaintiff's Amended Complaint clearly show: (1) a settlement offer on a "current balance" of $971.13 on August 2, 2012; (2) a dunning letter seeking payment of $979.72 on October 23, 2012, of which $468.00 is principal; (3) a credit history showing an account balance that gradually increased from November 2011 through December 2012; and (4) a Proof of Claim that makes a claim for the principal of $468.00 which did not include any interest or fees. [Dkt. Nos. 57-6, 57-7, 57-8, 57-11.] At most, Plaintiff may have been confused as to why the Defendants would not have requested interest or fees in the amount of their bankruptcy claim.[4] However, an unsophisticated consumer would not be misled, confused or deceived by a proof of claim for the principal that expressly did not include interest, particularly when the principal amount of the debt was consistent with a previously-received dunning letter. As a result, Plaintiff has not stated a claim upon which relief can be granted in the Amended Complaint before us.

---

[4] The parties disagree whether an inaccurate proof of claim can be subject to the FDCPA. The parties are not alone in this disagreement. "The appellate and trial courts have reached varying and sometimes inconsistent conclusions about whether and when the Bankruptcy Code precludes FDCPA claims arising from communications to a debtor sent in the bankruptcy context." *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 271 (3d Cir. 2013) (collecting cases at footnote 7). The Seventh Circuit has found that because the court can enforce both the Bankruptcy Code and the FDCPA and a debt collector can comply with both statutes simultaneously, an FDCPA claim arising from attempts to collect debts that violated the automatic stay could proceed. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004). The application of the FDCPA to Defendants' Proof of Claim does not save Plaintiff's Amended Complaint. Plaintiff does not allege that the Proof of Claim itself violated the FDCP. Instead, Plaintiff contends that the Proof of Claim is evidence that no interest was owed on the alleged debt and "Defendants have alleged different amounts on nearly every communication with Plaintiff, and with the Experian credit reporting agency." [Dkt. No. 57 at ¶ 53.]

### B.      Defendants' Ownership of the Alleged Debt.

Plaintiff alleges that Defendants violated the FDCPA because they "do not legally own the debt they are attempting to collect."  [Dkt. No. 57 at ¶ 54.]  Plaintiff includes no factual allegations to support this legal conclusion and indeed contradicts this conclusion with exhibits attached to the Amended Complaint.  Plaintiff attaches to his Amended Complaint the Proof of Claim filed by Defendants.  [Dkt No. 57-11.]  The Proof of Claim, verified by Susan Gaines of Resurgent Capital Services, identifies LVNV Funding, LLC it successors and assigns as assignee of Arrow Financial Services, LLC as the "Creditor."  Moreover, LVNV is identified as the account owner and creditor in both letters to Plaintiff and on his credit report.  [*See* Dkt. Nos. 57-6 through 57-8.]

Plaintiff's legal conclusion is unsupported by any factual allegation and is contradicted by the exhibits attached to the Amended Complaint.  "To the extent that an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence."  *Phillips*, 714 F.3d at 1019.  Consequently, Plaintiff has not stated a claim upon which relief can be granted as to his claim that "Defendants violated the FDCPA pursuant to 15 U.S.C. § 1692e by attempting to collect a debt they do not legally own."

### C.      Defendants' Alleged Communication with Plaintiff After Plaintiff Filed for Bankruptcy.

Plaintiff's Amended Complaint contains new allegations related to an alleged telephone call by Defendant Nelson to Plaintiff after Plaintiff filed for bankruptcy.  Plaintiff alleges that Defendants received notice of Plaintiff's Chapter 13 filing by letter dated

March 8, 2013. [Dkt. No. 57 at ¶ 43.] Plaintiff contends that after receiving that notice, Defendant Nelson "contacted the Plaintiff directly via telephone call on July 22, 2013." [*Id.* at ¶ 45.][5] Plaintiff has represented that he was unaware of the alleged attempts by Defendants to collect the debt after he filed for bankruptcy. [*See* Dkt. No. 53 (Motion to Amend Complaint) at ¶¶ 4, 5 (Plaintiff maintains that the newly-discovered facts that Defendants called Plaintiff "were not known by the Plaintiff at the time the Plaintiff served the original complaint and were uncovered through discovery responses" of Defendant Nelson).]

Plaintiff attaches to his Amended Complaint Defendant Nelson's notes. [Dkt. No. 57-10.] Nelson's notes provide:

Mon July 22, 2013 08:21:18 AUDITOR01 Phoned: STEPHEN MORGAN at Cell Scrub (Manual Dial) dialed: 3174455677

Mon July 22, 2013 08:21:21 AUDITOR01 Number Restricted, but was not called.

The exhibit at Docket Number 57-10 shows that Plaintiff Stephen Morgan *was not called* on July 22, 2013 by Defendant Nelson.[6] Yet, Plaintiff alleges in his Amended Complaint that "Nelson[] contacted the Plaintiff *directly via telephone call* on July 2, 2013." [Dkt.

---

[5] Although not alleged in the Amended Complaint, Plaintiff contends in his Brief that "Defendant contacted the Plaintiff [] via telephone call in attempts to collect a debt" on March 7, 2013, March 11, 2013 and July 22, 2013. [Dkt. No. 63 at 3.] The alleged March 7 call was made *prior* to the bankruptcy notice being issued and, in any event, resulted in "No Answer, No Message Left." [Dkt. No. 57-10.] The alleged March 11 call also resulted in "No Answer, No Message Left." [*Id.*] According to the Amended Complaint allegations, Defendant Nelson did not actually communicate with Plaintiff on either of these days.

[6] Plaintiff focuses only on the first July 22, 2013 entry which indicates a call was made. However, Plaintiff cannot ignore that via entry dated a mere three second later, Defendant Nelson records that the number was restricted and was not called.

No. 57 at ¶ 45 (emphasis added).]  This exhibit is considered part of the pleadings and controls when inconsistent with the allegations contained in the Complaint.  *See Phillips,* 714 F.3d at 1019; *Newman v. Gagan LLC*, 939 F. Supp.2d 883, 892 (N.D. Ind. 2013) (noting that the court should not only take into account the complaint, but "any extrinsic documents that are either incorporated into the complaint or referred to in the complaint and central to the claims under review").

Defendants argue that Plaintiff fails to state a claim upon which relief can be granted based on this exhibit.  We agree.  Plaintiff did not respond to this glaring inconsistency between Plaintiff's allegations and the exhibit attached to the Amended Complaint. Plaintiff cannot ignore these facts that contradict his claim.  As a result, Plaintiff has failed to plead a claim upon which relief can be granted in his Amended Complaint.

## III.    Conclusion.

Defendants' initial Motion to Dismiss requested dismissal of Plaintiffs' claims *with prejudice*, as does their Motion to Dismiss the Amended Complaint.  In their original Reply Brief, Defendants argued that "there isn't enough substance to the Complaint to warrant continuing this case under the current Complaint."  [Dkt. No. 42 at 7.]  This is strikingly different from seeking a permanent dismissal of Plaintiff's claims.

The Court finds that Plaintiff's Amended Complaint filed on June 9, 2014 [Dkt. No. 57] fails to state a claim upon which relief can be granted.  Defendants' Motion to Dismiss [Dkt. No. 59] is <u>GRANTED</u>.  Plaintiff's Amended Complaint is dismissed *without prejudice* for 28 days, at which time it will automatically convert to a dismissal with prejudice and final judgment will enter.

Date: ___9/19/2014___

Distribution:

Nabil G. Foster
HINSHAW & CULBERTSON, LLP
nfoster@hinshawlaw.com

Michael Anthony Eades
JOHN STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana